SULRAY, INC., Plaintiff and Appellee, *v.* PEDRO TORRES RANGEL, Defendant and Appellant.

No. O-69-248.      Decided June 8, 1970.

*Frank Torres* for appellant. *Joseph W. Kiefer* for appellee.

PER CURIAM: We issued the writ of certiorari to review the judgment of the trial court dismissing the appeal filed by the above-mentioned appellant, relying on that the latter did not comply with the provisions of Rule 53.2 of the Rules of Civil Procedure, specifically, in not having served the notice of appeal by certified mail, on appellee, not later than 5 days after said notice had been filed.

It appears from the record that the judgment rendered by the District Court was served on June 16, 1969. The notice of appeal was filed on June 19, it being certified therein that on that same date copy had been sent by mail to plaintiff-appellee's counsel to the address that appears in the record.

Rule 53.2 provides that when the service of notice is made by mail, it shall be done by certified mail with acknowledgment of receipt, not later than five days after the notice of appeal is filed. It is clear that the remittance by certified

mail, return receipt requested, is an authentic method whose efficacy cannot be controverted by the parties. Hence, the desirability and convenience of this means of notification.

■ Rule 53.2, however, does not prohibit that service be made by other means, in which case what determines the efficacy of the service is whether or not appellee actually received it within the term to appeal. *Cf. Despiau* v. *Pérez*, 76 P.R.R. 117 (1954).

■ The remittance by ordinary mail enjoys the presumption that the communication was received in the regular course of the mail. Section 464, subd. 24, Code of Civil Procedure, 32 L.P.R.A. § 1887. Such presumption may be controverted by the adverse party. In the case at bar it does not appear that it was controverted in any manner. Appellee limited himself to challenge the service of notice on the ground that he had not been served with notice by certified mail, without making any allegation as to whether or not he actually received it. It should be noted that service was made on June 19, 1969, when there were around 27 days left for the term to appeal to expire. Being it so, the presumption that the service of notice was timely received favors appellee and, therefore, the trial court erred in dismissing the appeal.

The judgment rendered by the trial court is reversed and the case remanded for further proceedings not inconsistent with the foregoing.

The Chief Justice did not participate herein.